NO. 07-11-00316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 20, 2011

---

IN RE MICHAEL EDWARD DAWN, RELATOR

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Michael Edward Dawn, has filed a Petition for Writ of Mandamus requesting this Court issue a writ of mandamus directing the respondent, the 108th Judicial District Court of Potter County, to provide Dawn with certified copies of certain documents apparently relating to criminal convictions of Dawn.[1]  We deny the petition.

---

[1] While Dawn does not identify the trial court cause numbers of these convictions, he impliedly indicates that these documents relate to appeals in cause numbers 07-11-00161-CR and 07-11-00162-CR.  Dawn indicates that the documents he requests "are necessary for perfecting an appeal in the foregoing cause (sic) of action."  However, these appeals were dismissed for lack of jurisdiction by this Court on May 31, 2011.  See Dawn v. State, Nos. 07-11-00161-CR, 07-11-00162-CR, 2011 Tex.App. LEXIS 4125 (Tex.App.—Amarillo May 31, 2011, no pet.).

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Dawn has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Dawn does not include any such list. Dawn simply identifies the respondent as the 108th District Court of Potter County. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Dawn's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Dawn's petition includes no index of authorities.[3] Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Dawn's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Dawn's petition does not include a jurisdictional statement. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Dawn's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix

---

[2]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3] However, the only authority to which Dawn cites is Texas Rule of Appellate Procedure 20.2.

or record. Dawn's petition does not include a statement of facts. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Dawn has not included an appendix to his petition. In his petition, Dawn indicates that he filed a motion to obtain records and documents in the 108th District Court on or about June 25, 2011. However, a copy of this motion is not included in an appendix to Dawn's petition. As each of these items are required in a petition for writ of mandamus and Dawn has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Dawn's petition includes a certificate of service, but it indicates only that the petition was sent to the Clerk of this Court. There is no certification that the petition was served on the 108th District Court of Potter County nor any other party to this original proceeding.[4]

Further, Dawn complains that his "attorney of record" provided him certain records, but they were "lacking and inadequate to ensure the relator his constitutional right to a meaningful appeal." However, Dawn's petition wholly fails to identify which records he received from his counsel and how the records that were provided him were "lacking and inadequate."

---

[4] As Dawn failed to include a complete list of all parties and the names and addresses of all counsel in his petition, we are uncertain who the proper parties to this original proceeding might be.

3

As Dawn's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

Mackey K. Hancock
Justice